NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 13, 2022
Decided October 20, 2022

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2736

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 20-cr-20016 |
| TIMOTHY DEAN, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

In October 2018, a grand jury returned an indictment charging Timothy Dean with attempted enticement of a minor to engage in prohibited sexual conduct, in violation of 18 U.S.C. § 2422(b). Prior to the criminal trial, Dean submitted to the court jury instructions regarding the defense of entrapment, which the government opposed. At the close of the trial, the court determined that the evidence constituted an insufficient basis to support submission of the entrapment instruction to the jury. In particular, the court noted that Dean failed to present evidence of government inducement. The jury found Dean guilty, and Dean was sentenced to 120 months' imprisonment followed by eight years of supervised release. In this appeal, Dean challenges that decision by the district court to withhold the entrapment instruction. We review the decision of the district court *de novo*.

The conviction in this case was based on the events of February 15, 2020. At approximately 10:03 pm, Dean posted on Grindr, a social networking app, seeking a sexual partner. His initial post merely provided a brief physical description and stated the sexual activity in which he was interested, as "kissing, nipple play, body contact, oral." Appellant's Opening Brief App. ("App.") at A1 (commas added). As a part of "Operation Cupid's Arrow" seeking to identify individuals soliciting minors, an FBI agent with a fake profile under the name "Conner" and an age listed as 18 years old (the minimum age for Grindr under its provisions), responded to Dean's post and identified himself as only 14 years old. For the sake of clarity, we will use the agent's pseudonym "Conner" in this order when referring to the posts submitted by the agent. The discussion which followed led to Dean traveling to Conner's purported residence avowedly to engage in sexual activity, arriving there within an hour of the initial contact, at which time he was promptly arrested. Dean argues that the conversation with Conner in that hour constituted entrapment and that the jury should have been instructed as to that defense.

Because the government bears the burden of proof in disproving entrapment, a defendant is entitled to a jury instruction as to the entrapment defense if the defendant proffers "some evidence" of both elements: first, that the government induced him to commit the crime; and second, that he was not predisposed to commit the crime. *United States v. Mayfield*, 771 F.3d 417, 440 (2014) (en banc); *United States v. Plowman*, 700 F.3d 1052, 1057 (7th Cir. 2012). "'Although more than a scintilla of evidence of entrapment is needed before instruction on the defense becomes necessary, the defendant need only point to evidence in the record that would allow a rational jury to conclude that he was entrapped.'" *Mayfield*, 771 F.3d at 440, quoting *United States v. McGill*, 754 F.3d 452, 457 (7th Cir. 2014). Predisposition is a quintessentially factual question rarely susceptible to resolution as a matter of law, but the inducement inquiry "may be more appropriate for pretrial resolution; if the evidence shows that the government did nothing more than solicit the crime on standard terms, then the entrapment defense will be unavailable as a matter of law." *Id*. at 441.

The district court in this case determined that Dean failed to provide evidence of government inducement. In considering the element of inducement, it is insufficient to merely present facts that "the government initiated contact with the defendant, suggested the crime, or created the ordinary opportunity to commit it." *Id*. at 443. "'[T]he term 'ordinary' in this context … mean[s] something close to what unfolds when a sting operation mirrors the customary execution of the crime charged.'" *Id*. at 433, quoting *United States v. Pillado*, 656 F.3d 754, 765 (7th Cir. 2011). "[S]omething more is required, either in terms of the character and degree of the government's persistence or

persuasion, the nature of the enticement or reward, or some combination of these." *Id*. at 443. Inducement, therefore, requires government solicitation of the crime *plus* some other conduct by the government that creates a risk that a person who would otherwise not commit a crime if left alone will do so as a result of the government's efforts. *Id*. at 434–35. We have recognized a variety of circumstances that may present such "plus" conduct, including "repeated attempts at persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward beyond that inherent in the customary execution of the crime, [and] pleas based on need, sympathy, or friendship." *Id*. at 435.

Dean argues that the government conduct in this case supported a claim of inducement in that the government used false representations, appealed to Dean's particular vulnerabilities, and normalized sexual contact with minors in order to induce him to commit a crime. The record rebuts those arguments.

The claim that the government used false representations is the only one with even a minimal level of support, and that is based on the posting on Grindr, a site that is restricted to those 18 years of age and older. Moreover, the government agent used a photo of a young-looking but 20-year-old source, identified in the Grindr profile as 18 years old, and later represented to Dean as 14 years of age. Dean argues that the government therefore fraudulently misrepresented the age of the person depicted, contrasting this case with *United States v. Allen*, 859 F. App'x 892, 894 (11th Cir. 2021), in which the agent's profile picture depicted an actual 14-year-old.

The age restriction on Grindr limiting users to those age 18 or over is, like many similar online age restrictions, far from a guarantee. Dean acknowledged at trial that he was aware that people frequently lied about their age on Grindr. In fact, Dean acknowledged that he lied about his own age, representing himself as 33 years old when he was actually 37. Moreover, Dean also admitted that he had communicated with a minor on Grindr in the past, who was a person who purported to be intersex; he stated that he asked for pictures of the person's face, and then later deleted his messages to that person because he was not interested in a minor and was under the impression that he was not supposed to continue chatting with minors. Therefore, Dean was aware that Conner's presence on Grindr did not ensure that he was 18, nor did it mean that Conner was honestly stating his age.

More importantly, Conner revealed to Dean almost immediately in their communication that he was 14 years old, as shown in the record of the actual messages. After responding to Dean's opening solicitation with "Hey!," the next communication by Conner was that he was "new to this and only done hands and oral," and was

'Home alone … Mom left me for the weekend lol." That reference immediately would have raised red flags as to his age. But any ambiguity was almost immediately resolved when after responding to Dean's next question as to what he wanted to do, Conner then stated, "I just want to let you know I'm 14." Dean responded by confirming that Conner was therefore "not 18," and then, tellingly, Dean asked "so your [sic] not a cop undercover sting right?" When Conner denied that, Dean proceeded to exchange photos with him, with Conner's photos further indicating his youthfulness, in that one was of him in a Halloween costume holding a trick-or-treat container.

Once Conner confirmed he was not 18, however, Dean never questioned Conner's statement that he was 14 years old even after the photos were exchanged; nor did he question Conner's age or indicate confusion during the ensuing conversation with Conner. The photos, which are in the record, depict a person who could indeed represent a 14-year-old. Dean's last communication to Conner again indicated his awareness of Conner's age. Upon arriving at Conner's purported residence, Dean messaged "I'm nervous," to which Conner replied, "Me too," and then Dean sent his final message which was "you are so young."

Any false representation by the government inherent in the use of a fake profile and photo, that would have led Dean to falsely believe he was engaging with an adult, was countered almost immediately in the initial communications when Conner revealed himself to be a 14-year-old. There is simply no evidence that the government's actions went beyond creating the ordinary opportunity to commit the crime. As we discussed, "'ordinary' in this context … mean[s] something close to what unfolds when a sting operation mirrors the customary execution of the crime charged." *Mayfield*, 771 F.3d at 433, quoting *Pillado*, 656 F.3d at 765. For the obvious reason of protecting minors, it is unsurprising that agents rather than actual minors are used in sting operations of this sort. Where, as here, the defendant was informed that he was communicating with a minor immediately, and the defendant then proceeded to discuss the sexual activity and the logistics of meeting despite that knowledge, a false representation in the profile cannot be said to have induced the behavior. "[S]omething more is required, either in terms of the character and degree of the government's persistence or persuasion, the nature of the enticement or reward, or some combination of these." *Id.* at 443

The touchstone of the inducement analysis is whether there is government solicitation of a crime "*plus* some other government conduct that creates a risk that a person who would not commit the crime if left to his own devices will do so in response to the government's efforts." *Id*. at 434–35. Here, Conner's misrepresentation as to his age was the type of behavior that is not uncommon on Grindr. In using the Grindr app,

Dean was aware of that reality and was also aware that minors are sometimes on the app. Therefore, in presenting the opportunity to Dean to communicate with a purported minor on Grindr, the government presented Dean with a situation he could, and in fact did, encounter on Grindr even absent government intervention, and therefore the government did not create a risk that Dean would not otherwise face. See, e.g., *Saponaro v. Grindr, LLC*, 93 F. Supp. 3d 319, 321–22 (D.N.J. 2015) (suit arising out of sexual encounter between a 24-year-old and a 13-year-old minor resulting from a solicitation on Grindr); *Doe v. Grindr, LLC*, No. 21-CV-4589(AMD) (PK), 2022 WL 3139101, at *1 (E.D.N.Y. Aug. 5, 2022) (suit against Grindr claiming that it "'knowingly facilitates and contributes to sexual abuse, rape and trafficking of minor children for profit' … by 'fail[ing] to warn underage users and their parents that its sex platform is frequently used by pedophiles and other sexual predators to sexually abuse minor children' … and by 'intentionally mak[ing] signing up easy for prospective users, including those who are underage.'").

As additional arguments of the "plus" factor, Dean argues that Conner appealed to Dean's particular vulnerabilities by telling Dean that he was not "out" yet, and persuaded Dean that sexual activity was appropriate by falsely representing sexual experience that mirrored that of Dean. Those arguments are upended by the record. First, there is absolutely no evidence that the government was aware of Dean's sexual experiences, nor that Dean was hiding his sexual orientation and was not "out." Therefore, there is no evidence that the government tried to manipulate Dean with that information.[1] Moreover, the portrayal of Conner as having limited sexual experience and not yet being "out" was consistent with what could be expected from a person of his avowed age. And contrary to Dean's argument, the sexual acts discussed were first raised by Dean, not Conner, and when Conner revealed his age Dean continued the conversation without any expression of hesitation or reluctance. The only reluctance exhibited in the entire conversation—other than possibly the statement "you are so young" on his arrival—was Dean's refusal to buy beer for Conner because, as Dean said, he did not drink and "you shouldn't either lol," which he subsequently explained to the agents was due to Conner's young age.

As we explained above, Conner revealed his age from the outset, and other than pausing to ask whether it was an undercover sting, Dean proceeded immediately to an

---

[1] In fact, Dean's sexual experience is difficult to identify, in that he gave varying accounts of his sexual experience. At the time of his arrest, Dean claimed that he had only met up with one or two men before, but at trial he agreed that a fair estimate of the number of individuals he met up with on Grindr could be around 100.

exchange of pictures, followed by determining Conner's exact location and identifying sexual acts, both past and those for the present encounter, in which Conner would be interested. The conversation began at 10:03 pm and by 10:59 pm Dean had traveled by car and arrived at Conner's residence where he was arrested. There is no evidence in the record of government inducement, and for that reason alone the district court properly refused the entrapment instruction. We need not consider, then, the other entrapment factor of predisposition.

The decision of the district court is AFFIRMED.